United States District Court
Southern District of Texas
**ENTERED**
July 14, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DEMPSEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-72 |
| | § | |
| GENE MILLER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Christopher Dempsey, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that: (1) Defendant Gene Miller be **DISMISSED** from this action; (2) Plaintiff's claims for money damages against Officer Julio De La Cruz in his official capacity be **DISMISSED** as barred by the Eleventh Amendment; and (3) Plaintiff's claim against Defendant De La Cruz be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)  The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## I.    JURISDICTION

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury.  *See* 28 U.S.C. § 1915(g).

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas.  Plaintiff's claims in this lawsuit arise in connection with Plaintiff's current housing assignment.

In his original complaint, Plaintiff names as defendants: (1) Officer Julio De La Cruz from the Polunsky Unit; and (2) Gene Miller, Assistant Warden at the McConnell Unit.  He alleged in a conclusory manner that officials failed to properly secure his person during an escort procedure and did not follow proper TDCJ procedures generally. (D.E. 1, pp. 3-4).  He sought monetary relief.  (D.E. 1, p. 4).

Due to the difficulty in evaluating Plaintiff's claims as alleged, the undersigned directed Plaintiff to file an amended complaint.  (D.E. 10).  Plaintiff filed his amended complaint on June 10, 2020, naming only Officer De La Cruz as a defendant.  (D.E. 14, pp. 1, 3).  Plaintiff reiterates his request for monetary relief.  (D.E. 14, p. 4).

On June 30, 2020, the undersigned conducted a telephone hearing with Plaintiff. At the hearing, Plaintiff clarified that he intends to sue only Officer De La Cruz. Accordingly, the undersigned respectfully recommends that Assistant Warden Miller be dismissed from this action.

Plaintiff also provided at the hearing a further explanation of his claim against Officer De La Cruz.  The following representations were made either at the telephone hearing or in Plaintiff's original and amended complaints:  On or about May 5, 2019, Officer De La Cruz failed to follow proper procedures in escorting Plaintiff to the dayroom for a haircut.  Plaintiff was under the influence of either alcohol at the time he was escorted.   When Plaintiff reached the top of the stairs, Officer De La Cruz determined that Plaintiff could not make it down the stairs.  Officer De La Cruz lost control of Plaintiff as he attempted to swing Plaintiff around, leading to Plaintiff falling down the stairs.

Officer De La Cruz knew Plaintiff was at risk of harm, but nevertheless violated TDCJ policy which required medical prisoners confined in administrative segregation to be escorted by two other officers.  Plaintiff also states that Officer De La Cruz violated prison policy by not notifying his supervisor before moving Plaintiff from the cell. According to Plaintiff, Officer De La Cruz acted with negligence by failing to comply with prison policies and protocols.  As a result, Plaintiff fell down one flight of stairs and was knocked unconscious.  Plaintiff was taken to the hospital and suffered permanent injuries to his left eye and forehead.  Plaintiff clarified at the telephone hearing that he seeks treatment for eye as well as monetary damages.

## III.    LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

*See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis*

complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief from an immune

defendant). A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v.*

*Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an

indisputably meritless legal theory, "such as if the complaint alleges the violation of a

legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir.

1998).   A claim has no arguable basis in fact if "after providing the plaintiff the

opportunity to present additional facts when necessary, the facts alleged are clearly

baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

      "In analyzing the complaint, [the Court] will accept all well-pleaded facts as true,

viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d

322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail,

but whether he is entitled to offer evidence to support his claim.  Thus, the Court should

not dismiss the claim unless the plaintiff would not be entitled to relief under any set of

facts or any possible theory that he could prove consistent with the allegations in the

complaint." *Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009).  Plaintiff must allege sufficient facts in support of its legal

conclusions that give rise to a reasonable inference that Defendant is liable.  *Id.*; *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The factual allegations must raise

Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.    DISCUSSION

### A.    Eleventh amendment immunity and Official Capacity

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh

Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent that Plaintiff sues Officer De La Cruz in his official capacity for money damages, that claim is barred by the Eleventh Amendment. Thus, it is respectfully recommended that Plaintiff's claim for money damages against Officer De La Cruz in his official capacity be dismissed as barred by the Eleventh Amendment.

### B.  Deliberate Indifference to Health and Safety

An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The test for deliberate indifference has both an objective and subjective prong. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). To prove the subjective prong of the deliberate indifference test, the inmate "must show both: (1) that the defendant was aware of facts from which the inference of an excessive risk to the  [inmate's] health or safety could be drawn; and (2) that the defendant actually drew the inference that such potential for harm existed." *Trevino*, 2017 WL 1013089, at *3 (citing *Farmer*, 511 U.S. at 397 and *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999)).

The deliberate indifference standard "is an extremely high standard to meet."

*Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference is more than mere negligence. *Farmer*, 511 U.S. at 835. "Even proof of gross negligence does not establish deliberate indifference." *Levine v. Taylor*, No. 3:12-CV-186, 2017 WL 1215426, at *7 (S.D. Tex. Mar. 31, 2017) (citing *Whitley v. Hanna*, 726 F.3d 631, 641 (5th Cir. 2013)).

Plaintiff's allegations indicate that: (1) at the time he was escorted from his cell in administrative segregation, he was under the influence of alcohol; (2) Officer De La Cruz became aware of Plaintiff's condition when he recognized that Plaintiff could not navigate the walk down a flight of stairs; and (3) during the course of attempting to re-route Plaintiff from the stairs, Officer De La Cruz lost control of Plaintiff which led to Plaintiff falling down the stairs. Rather than suggest that Officer De La Cruz acted with the requisite deliberate indifference, Plaintiff's allegations reflect that Officer De Law Cruz acted, at best, negligently or with gross negligence when escorting Plaintiff close to the stair area before realizing the extent of Plaintiff's impaired condition. *See Daniel v. Williams*, 474 U.S. 327, 332-35 (1986) (mere negligence by a state official does not give rise to § 1983 liability). *See also Farmer*, 511 U.S. at 835 (explaining that "deliberate indifference entails something more than negligence").

Plaintiff further blames Officer De La Cruz for acting in violation of applicable prison policies and protocols when he escorted Plaintiff from his cell without first calling a supervisor or having another officer accompany him. Similar to negligence claims, a claim alleging a violation of prison policy also fails to state a constitutional claim. *See Davis v. Lithicum*, 574 F. App'x 379, 380 (5th Cir. 2014) ("A prison official's failure to

follow prison procedural rules does not, without more, give rise to a constitutional violation."); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (prison official's failure to follow the prison's own policies, procedures, or regulations does not constitute a violation of due process if constitutional minima are nevertheless met).

Accordingly, the undersigned respectfully recommends that Plaintiff's claims against Officer De La Cruz be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

## V.   RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that: (1) Defendant Miller be **DISMISSED** from this action; (2) Plaintiff's claims for money damages against Officer Julio De La Cruz in his official capacity be **DISMISSED** as barred by the Eleventh Amendment; and (3) Plaintiff's claim against Defendant De La Cruz be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 14th day of July, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).